Filed 6/24/14  City of Fontana v. QualityGenetix CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CITY OF FONTANA et al., | |
| Plaintiffs and Respondents, | E056280 |
| v. | (Super.Ct.No. CIVDS1200668) |
| QUALITY GENETIX et al., | **OPINION** |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Law Offices of Lawrence R. Bynum and Lawrence R. Bynum for Defendants and Appellants, Quality Genetix and Eugene Walde.

Best Best & Krieger, Kira L. Klatchko and Jeffrey Ballinger for Appellants and Respondents, City of Fontana and The People of the State of California.

The City of Fontana (City) filed a nuisance action against Quality Genetix and its director Eugene Walde (collectively, appellants).  The City sought a preliminary injunction to prohibit appellants from operating a medical marijuana dispensary (MMD)

in Fontana because it violated the relevant portions of Fontana's City Code (FCC) and business licensing laws. The trial court granted the preliminary injunction motion against appellants finding that their MMD was a nuisance per se.

Appellants argue on appeal that the City cannot completely ban a lawful activity through the guise of zoning and that the FCC was unlawful. They contend (1) the FCC does not preempt the distribution of marijuana as provided by the state-wide Compassionate Use Act of 1996 (CUA) (Health and Saf. Code, § 11362.5) and Medical Marijuana Program (MMP) (Health & Saf. Code, § 11362.7 et seq.); (2) the FCC violates "regional welfare"; (3) the FCC violates equal protection; (4) the FCC violates rights of privacy; and (5) the FCC violates due process.

While this appeal was pending, the California Supreme Court decided *City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*City of Riverside*), holding that the CUA and MMP do not preempt local bans on MMDs. (*Id.* at pp. 737, 744-763.) In its reply brief, appellants acknowledge that the issues raised in the appeal would be resolved and superseded by *City of Riverside*. We affirm the order granting the City's preliminary injunction.

I

FACTUAL AND PROCEDURAL BACKGROUND

The CUA was enacted to ensure that "seriously ill Californians" had a right to use marijuana for medical purposes. (*City of Riverside, supra,* 56 Cal.4th at p. 744.) To protect that right, the CUA declared that no physician could be punished for prescribing medical marijuana to a patient and cultivating it for the patient's use. (*Ibid.*) The MMP established a program for identification cards and granted specified persons engaged in specified conduct certain immunities from criminal prosecution. (*Id.* at p. 745.)

On July 24, 2007, the City adopted Ordinance No. 1559 (Ordinance) to amend the FCC in order to ban the establishment and operation of MMDs in the city limits. The Ordinance provided that no person shall operate a business in the City in violation of state, federal, county or city law. It also provided that "Notwithstanding any other provision of this Code, medical marijuana dispensaries shall be a prohibited use in all zones of the City." An MMD was defined as any facility or location where medical marijuana is made available and/or distributed.

On January 23, 2012, the City filed a complaint against appellants, Santos Molina and Rubidia Lopez.[1] The City averred that appellants operated an MMD located at 10557 Juniper Avenue, Unit D in Fontana. The City stated that the FCC prohibited the operation of an MMD in the city limits of Fontana. In their complaint they raised the causes of action of public nuisance in violation of the FCC, public nuisance under the

---

[1] These two other parties named in the complaint had not been served. They are not a subject of the instant appeal.

Civil Code, and a third cause of action under the Drug Abatement Act pursuant to the Health and Safety Code. They also filed a motion for a preliminary injunction to stop appellants from operating the MMD because it was a public nuisance. The City insisted it would prevail on the complaint.

Appellants filed a response to the complaint arguing the FCC was unlawful. They also filed a response to the motion for preliminary injunction on the grounds that the FCC was unlawful, had an unreasonable affect on the regional welfare of medical marijuana patients, violated equal protection, privacy rights, and due process. The City responded that the operation of the MMD violated the FCC.

At the hearing on the matter on April 26, 2012, the City clarified it was seeking a preliminary injunction on a theory of nuisance per se. The trial court found that appellants' operation of an MMD violated the FCC. It granted the preliminary injunction. It denied a stay pending the filing of an appeal.

On May 8, 2012, appellants filed a notice of appeal. Thereafter, they filed a petition for writ of supersedeas in this court. We denied the petition for writ of supersedeas on June 7, 2012.

4

## II

## PRELIMINARY INJUNCTION

*City of Riverside* is dispositive of all of the arguments raised on appeal by appellants.

A.      *Standard of Review*

Ordinarily we review an order granting a preliminary injunction under the abuse of discretion standard.  (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109.) However, when injunctive relief depends upon a question of whether the trial court correctly interpreted or applied the law, we review it de novo.  (*Alliant Ins. Services, Inc. v. Gaddy* (2008) 159 Cal.App.4th 1292, 1300.)

B.      *Analysis*

In *City of Riverside*, the California Supreme Court considered whether the CUA and MMP preempt a local ban on facilities that distribute medical marijuana.  (*Id.* at p. 737.)  It concluded, after reviewing the language in the CUA and the MMP, that neither statute created a '"broad right"' of access to medical marijuana.  (*Id.* at pp. 744-745, 753.)  It concluded, based on the modest objectives and the narrow scope of both the CUA and the MMP, that neither statute expressly or impliedly preempted a zoning provision that prohibited an MMD anywhere within the city limits.  (*Id.* at p. 752.)  The court found that although the MMP exempts "the cooperative or collective cultivation and distribution of medical marijuana by and to qualified patients and their designated caregivers from prohibitions that would otherwise apply under state law," the MMP does not "mandate that local governments authorize, allow, or accommodate the existence of

5

such facilities." (*Id.* at p. 759, italics omitted.) Local decisions to prohibit MMDs "do not frustrate the MMP's operation." (*Id.* at p. 761.)

Of course, this court is bound by *City of Riverside.* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Here, the trial court properly granted the City's preliminary injunction based on the determination that the City could ban MMDs in the city limits and that such ban was not preempted by the CUA and MMP.

Appellants' additional claims that the FCC is an unconstitutional exercise of the City's police power under the "regional welfare" doctrine and that the ordinance also violates their equal protection, privacy, and substantive due process rights lack merit because they have no state or federal constitutional rights to cultivate or distribute marijuana. (See *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984; *People v. Urziceanu* (2005) 132 Cal.App.4th 747, 774.)

III

DISPOSITION

We affirm the order granting the preliminary injunction. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

6